UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

HISE REAL ESTATE                    §
INVESTMENTS, LP, ET AL.             §
                                    §
v.                                  §        CIVIL NO. 4:20-CV-820-SDJ
                                    §
GREAT LAKES INSURANCE SE            §

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand. (Dkt. #7). Defendant has responded in opposition. (Dkt. #8). Having considered the motion, the response, and the relevant law, the Court concludes that the motion should be **DENIED**.

## I. BACKGROUND

Plaintiffs originally brought this insurance dispute in state court. (Dkt. #2). In Plaintiffs' Original Petition, Plaintiffs allege that Plaintiff Hise Real Estate Investments, LP ("Hise") is "a Texas Limited Partnership with a principal place of business in Collin County, Texas," and that Plaintiff Sam III Enterprises, Inc. ("Sam III") "is a Texas corporation with its principal place of business in Collin County, Texas." (Dkt. #2 at 1). Defendant Great Lakes Insurance SE ("Great Lakes") then removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that this Court enjoys diversity jurisdiction over the lawsuit under 28 U.S.C. § 1332. (Dkt. #1). Concluding that Great Lakes had failed to adequately allege complete diversity of citizenship between the parties, the Court ordered Great Lakes to amend its notice of removal, (Dkt. #4), which Great Lakes did, (Dkt. #5). Now, Plaintiffs move to remand this action to the 366th Judicial District Court, Collin

County, Texas, where Plaintiffs originally filed suit. (Dkt. #7). In their motion, Plaintiffs assert that Great Lakes' amended notice of removal still fails to adequately allege complete diversity of citizenship between the parties. Specifically, Plaintiffs contend that Great Lakes fails to adequately allege the citizenship of Hise's limited partner because Great Lakes makes such allegation "upon information and belief." (Dkt. #7 at 3).

In response, Great Lakes contends that Plaintiffs' motion should be denied outright because Great Lakes has adequately alleged the citizenship of Hise's limited partner and that Great Lakes' "belief" as to that partner's citizenship "is not merely theoretical" but is rather "based on an extensive review of the public records." (Dkt. #8 at 2). Moreover, Great Lakes points out that nowhere in Plaintiffs' motion do Plaintiffs dispute that the parties are, in fact, diverse. In the alternative, if the Court should conclude that Great Lakes' jurisdictional allegations are deficient, Great Lakes asks that the Court grant Great Lakes the right to conduct discovery limited to the jurisdictional issue.

## II. LEGAL STANDARD

"To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). Complete diversity requires "all persons on one side of the controversy [to] be citizens of different states than all persons on the other side." *Id.* (quotation omitted). The citizenship of an entity depends on its form. A corporation, for instance, is "a citizen of every State and foreign

state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited-liability company or a partnership, by contrast, is a citizen of any state where each of its members or partners is a citizen. *E.g.*, *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Because citizenship is form dependent, different business associations are charged with presenting different factual allegations to establish citizenship. "[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985). Allegations regarding the citizenship of a limited-liability company or partnership must allege the citizenship of each member or partner. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). A court cannot determine whether jurisdiction exists without these allegations. *See MidCap*, 929 F.3d at 313.

A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citation omitted). Furthermore, the removing party bears the burden of showing that removal is proper by "distinctly and affirmatively alleging" the other parties' citizenships. *See, e.g.*, *Mullins v. Testamerica Inc.*, 300 F.App'x 259, 260 (5th Cir. 2008) (per curiam) (holding that defendants failed to "distinctly and affirmatively" allege the citizenships of various

entities by merely alleging that, to the best of their knowledge, those entities' members, partners, and trustees were *not* citizens of Texas). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Su*, 741 F.3d 535, 537 (5th Cir. 2014) (per curiam) (citation omitted).

## III. DISCUSSION

### A.

The Fifth Circuit has not expressly held that a party may plead the citizenship of an opposing party "upon information and belief." However, in an unpublished opinion, the Fifth Circuit approved removal where defendants "asserted 'on information and belief' that all 308 plaintiffs were citizens of Texas" and where the plaintiffs "failed to demonstrate that this was incorrect." *Volentine v. Bechtel, Inc.*, 209 F.3d 719, 2000 WL 284022, at *2 (5th Cir. 2000) (unpublished table decision) ("Because unrebutted allegations of citizenship in a removal petition based on information and belief is sufficient to satisfy the removal statute, the defendants have satisfied the first requirement for diversity jurisdiction." (citation omitted)). And at least one court in this circuit, relying on *Volentine*, has expressly held that jurisdictional allegations of citizenship may be made upon information and belief. *Rollins v. Fitts*, No. 1:18-cv-198, 2019 WL 138166, at *2 (N.D. Miss. Jan. 8, 2019) (noting that the Fifth Circuit has yet to expressly hold that information-and-belief allegations regarding citizenship are proper but citing *Volentine* to conclude that the Fifth Circuit would likely hold so). Others have likewise concluded that the Fifth

Circuit follows this practice or have concluded that information-and-belief allegations of citizenship are proper without analyzing the issue. *See, e.g.*, *Dominguez v. Target Corp.*, 5:18-CV-23, 2019 WL 1004569, at *3 (S.D. Tex. Feb. 8, 2019) (citing *Rollins*, 2019 WL 138166, at *2, and quoting *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018)) (stating that parties may plead facts "alleged upon information and belief" when "the facts are peculiarly within the possession and control of the [other party] or where the belief is based on factual information that makes the inference . . . plausible" and that "[t]he Fifth Circuit and its district courts utilize this principle in the treatment of . . . the issue of party citizenship"); *Terrell v. Hall*, No. 20-855, 2020 WL 7776539, at *1 n.7 (M.D. La. Dec. 30, 2020) (concluding that defendant's citizenship allegations were sufficient, notwithstanding their being based on information and belief, where notice of removal otherwise correctly and affirmatively alleged the state of citizenship of each plaintiff).

Moreover, other circuits *have* expressly held that parties may properly plead diversity of citizenship upon information and belief. *See, e.g.*, *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) (holding that a party may make jurisdictional allegations of citizenship based on information and belief so long as it has conducted a "reasonable query into the facts alleged" and consulted publicly available sources concerning the entities' membership status); *Carolina Cas. Ins. Co. v. Tamp Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (stating that, when jurisdictional information rests exclusively within a party's control, it is permissible

for the other side to, at least initially, "allege simply that the [other party is] diverse to it" and "to plead its allegations on the basis of information and belief"); *Med. Assurance Co. v. Heilman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding that plaintiff had properly pleaded diversity of citizenship by stating "on information and belief" that defendants were citizens of a particular state). Further, the Fifth Circuit has cited the Third Circuit's decision in *Lincoln* favorably, highlighting "the principle that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint." *Innova*, 892 F.3d at 730 (citing *Lincoln*, 800 F.3d at 107 n.31).

Nevertheless, at least one other district court within this circuit has prohibited parties from alleging the citizenship of opposing parties based upon information and belief. *See, e.g., Sanchez v. Aburto*, No. 3:18-CV-2460, 2018 WL 4953147, at *2 (N.D. Tex. Oct. 12, 2018); *Pennie v. Obama*, 255 F.Supp.3d 648, 671 (N.D. Tex. 2017), *appeal dismissed sub nom. Klayman v. Obama*, No. 17-10653, 2017 WL 6343520 (5th Cir. Nov. 14, 2017).

## B.

Plaintiffs cite to the Fifth Circuit's *Mullins* decision to argue that allegations made to the "best of [a defendant's] knowledge" are conclusory and therefore insufficient, and, thus, that those made upon "information and belief" must be as well. (Dkt. #7 at 3) (citing *Mullins*, 300 F.App'x at 260). However, the court in *Mullins* held that the citizenship allegations were insufficient because defendants did not affirmatively allege the states of citizenship of each partner and member; instead,

defendants merely alleged that they believed none of those members or partners were citizens of Texas—*i.e.*, a *negative* allegation of citizenship. *Mullins*, 300 F.App'x at 260; *cf. Heilman*, 610 F.3d at 376 (holding that plaintiff had properly pleaded diversity by stating "on information and belief" that defendants were citizens of a *particular* state).

By contrast, here, Great Lakes has affirmatively alleged the citizenship of each party. While Plaintiffs contend that Great Lakes' amended notice of removal fails in the same way as its original notice of removal, the Court disagrees. Great Lakes' original notice of removal stated only generally that, "[u]pon information and belief, the members of Hise Real Estate Investments, LP are citizens of Texas." (Dkt. #1 at 2). The Court rejected that original notice of removal, ruling that "Great Lakes must list each of Hise's partners and explicitly allege the state of citizenship for each partner." (Dkt. #4 at 2). Great Lakes' amended notice of removal does exactly that. Specifically, Great Lakes affirmatively alleges that: (1) Sam III is a corporation incorporated in Texas and maintaining its principal place of business in Texas, and (2) that Hise is a limited partnership whose general partner is Sam III, a Texas citizen per the above allegations, and that "[u]pon information and belief, based on an extensive review of the real property records and relevant documents regarding the insurance policy at issue, counsel for Great Lakes believes the limited partner of Hise . . . is Franklin R. Hise, who is domiciled in Texas." (Dkt. #5 at 2–3).

The Court finds persuasive the reasoning of the Third, Seventh, and Ninth Circuit decisions, the Fifth Circuit's unpublished *Volentine* decision, and the

Northern District of Mississippi's decision in *Rollins*, concerning the question whether citizenship allegations may be made upon information and belief. The Court therefore concludes that when a defendant has diligently investigated publicly available sources and determined that no partner of a plaintiff partnership is likely a citizen of the same state as the defendant, the defendant may affirmatively state the citizenship of a partnership upon "information and belief." *See Rollins*, 2019 WL 138166, at *2. The Court also gives weight to Great Lakes' contention that Plaintiffs exclusively possess the complete knowledge regarding their own citizenships and that Plaintiffs have been uncooperative in providing that information to Great Lakes. The Court does so with the belief that the Fifth Circuit would apply the principle in *Innova*—"that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint"—equally to the inverse situation in which plaintiffs possess the discoverable information. *Innova*, 892 F.3d at 730.[1]

While Plaintiffs are correct that Great Lakes bears the burden of adequately alleging diversity jurisdiction, *Mullins*, 300 F.App'x at 260, and that doubts about removal jurisdiction should be resolved against federal jurisdiction, *Vantage Drilling*,

---

[1] According to Great Lakes, Plaintiffs have refused to provide their citizenship information to Great Lakes. If true, then Plaintiffs are deliberately withholding relevant jurisdictional information as a "gotcha" tactic to evade the Court's jurisdiction. Such a course of action also would suggest that Plaintiffs have not made a good-faith objection to the Court's jurisdiction. The Court need not resolve the accuracy of Great Lakes' accusation, however, as Great Lakes' allegations concerning Hise's citizenship are sufficient and Plaintiffs have failed to allege, much less demonstrate, that such allegations are incorrect. In this regard, the Court notes that in their remand motion Plaintiffs do not dispute that the parties are diverse.

741 F.3d at 537, the Court has no such doubts at this time because Great Lakes has met its burden by pleading facially valid facts regarding each party's citizenship.

*      *      *

Great Lakes has made facially valid allegations that the parties are diverse based on a thorough examination of public records. Having found no controlling precedent that parties cannot make allegations of citizenship upon information and belief, the Court concludes that Great Lakes has alleged facts sufficient to invoke the Court's jurisdiction. Thus, the Court concludes Plaintiffs' motion to remand should be denied.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to Remand, (Dkt. #7), is hereby **DENIED**.

**So ORDERED and SIGNED this 21st day of January, 2021.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE